******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* CLARENCE D. WOODS (AC 48389)

Elgo, Clark and Seeley, Js.

*Syllabus*

The plaintiff in error, A Co., a bail bonds company, filed a writ of error challenging the trial court's denial of its motion for order requesting that the court either order the defendant in error, the state of Connecticut, to enter the rearrest warrant for the criminal defendant, W, who was located in New York, into the National Crime Information Center (NCIC) database or release A Co. from its obligation on a surety bail bond that it had executed to obtain W's release from custody. A Co. claimed, inter alia, that the court erred in concluding that the state's refusal to enter W's rearrest warrant into the NCIC database did not constitute good cause to release A Co. from its surety bond obligation pursuant to the rule of practice (§ 38-23) and statute (§ 54-65c). *Held*:

The trial court properly determined that A Co. failed to establish good cause to release it from its surety bond obligation pursuant to § 54-65c and Practice Book § 38-23, and that it lacked the authority to order the state to enter W's rearrest warrant into the NCIC database pursuant to statute (§ 29-164f).

This court concluded that the writ of error was controlled by its decision in the companion case of *State* v. *Bey* (240 Conn. App. 505), as this case involved the same plaintiff in error, the same pertinent facts, and identical claims to the claims raised in that case.

Argued May 28—officially released July 21, 2026

*Procedural History*

Writ of error from the decision of the Superior Court in the judicial district of Stamford-Norwalk, geographical area number one, *Hon. Gary J. White*, judge trial referee, denying the plaintiff in error's motion for order seeking, inter alia, release from its obligation on a certain surety bond. *Writ of error denied*.

*William B. Westcott*, for the plaintiff in error.

*Asheley G. Pankratz*, assistant state's attorney, with whom, on the brief, were *Paul J. Ferencek*, state's attorney, *Timothy F. Costello*, supervisory assistant state's attorney, and *Joseph C. Valdes*, senior assistant state's attorney, for the defendant in error.

*Opinion*

CLARK, J. In this writ of error, the plaintiff in error, Aces Bail Bonds, claims that the trial court improperly denied its motion for order requesting that the court either order the defendant in error, the state of Connecticut (state), to enter the rearrest warrant for the criminal defendant, Clarence D. Woods (defendant), into the National Crime Information Center (NCIC) database[1] or release the plaintiff in error from its obligation on a certain surety bail bond. Specifically, the plaintiff in error claims that the trial court erred in concluding that (1) the state's refusal to enter the defendant's rearrest warrant into the NCIC database did not constitute good cause to release the plaintiff in error of its surety bond obligation pursuant to Practice Book § 38-23 and General Statutes § 54-65c, and (2) it lacked the authority to order the state to enter the defendant's rearrest warrant into the NCIC database pursuant to General Statutes § 29-164f and the court's inherent bail authority.

The present case involves the same plaintiff in error, the same pertinent facts, and identical claims to the claims raised in *State* v. *Bey*, 240 Conn. App.    , A.3d    (2026), also released today.[2] Accordingly, we

---

[1] "The NCIC database is maintained by the [Federal Bureau of Investigation] and aggregates criminal justice information from a variety of sources. Some files in the database contain information about individual persons and are known as person files. Other files contain records regarding stolen property. Law enforcement agencies routinely check NCIC records to obtain information concerning persons in custody or under investigation." *Commissioner of Correction* v. *Freedom of Information Commission*, 307 Conn. 53, 58 n.4, 52 A.3d 636 (2012).

[2] As in *Bey*, the plaintiff in error in the present case issued a surety bail bond to obtain the defendant's release. Subsequently, the defendant failed to appear in court and was ordered rearrested, and the bond issued by the plaintiff in error was ordered forfeited. The plaintiff in error then determined that the defendant was residing in New York and filed the motion for order at issue. The defendant had not been detained or incarcerated in New York at the time the plaintiff in error moved to be relieved of its obligation under the surety bond.

conclude that the present writ of error is controlled by our decision in *Bey* and deny the writ of error.

The writ of error is denied.

In this opinion the other judges concurred.